**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE SOCIETY OF LLOYD'S,** *Plaintiff* | : | |
| **Vs.** | : | **C.A. No. 06-106T** |
| **BRUCE G. SUNDLUN,** *Defendant* | : | |

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

Plaintiff, the Society of Lloyd's ("Lloyd's" or "Plaintiff") by and through its undersigned counsel, files its Statement of Undisputed Facts pursuant to LR Cv 56 in support of its motion for summary judgment against Defendant Bruce G. Sundlun ("Defendant") as follows. The Exhibits referenced herein are attached to the Declaration of Nicholas Demery ("Demery Dec.") filed herewith.

1. The Defendant in this case was elected a member of Lloyd's on January 1, 1979. Demery Dec., ¶ 5

2. As a condition of Sundlun's membership and continuing membership of Lloyd's, he entered into certain agreements governing his membership of and underwriting in the Lloyd's market, one of which was a General Undertaking. Demery Dec., ¶ 5; *Exhibit 1*.

3. Under the terms of the General Undertaking, each Name agrees (1) to comply with the provisions of the Lloyd's Act 1871-1982 and any byelaw or regulation promulgated thereunder; (2) to submit any dispute arising out of or relating to his membership of, and/or underwriting insurance business at Lloyd's, for resolution by the English courts pursuant to English law; and (3) that a judgment in any proceedings brought in the English courts may be enforced in any other jurisdiction. Demery Dec. ¶ 7.

4. In the late 1980's and early 1990's, Names in Lloyd's market incurred aggregate underwriting losses of more than $12 billion. Demery Dec., ¶ 9; *Society of Lloyd's v. Turner*, 303 F.3d 325, 327 (5th Cir. 2002).

5. In an attempt to maintain its viability, Lloyd's developed a plan called the Reconstruction and Renewal Plan ("R&R"). Demery Dec., ¶ 10.

6. Under R&R, each Name was required to purchase reinsurance from Equitas by paying a premium, regardless of whether the Name accepted or rejected the settlement offer. Demery Dec. ¶ 11.

7. The implementation of R&R was held by English courts to be within Lloyd's regulatory authority. Demery Dec. ¶ 11.

8. Pursuant to the powers conferred upon it by the Lloyd's Acts, Lloyd's enacted the Substitute Agents Byelaw on July 10, 1983. Demery Dec. ¶ 13; *Exhibit 2*.

9. Under the Substitute Agents Byelaw, Lloyd's obtained the power to appoint Substitute Agents for Names at the discretion of the Council of Lloyd's (the ruling body of Lloyd's). Demery Dec., ¶ 13.

10. In September 1996, the Council of Lloyd's issued the Resolution and Directions of the Council of Lloyd's. Demery Dec. ¶ 14; *Exhibit 3*.

11. By virtue of this resolution, Lloyd's appointed Additional Underwriting Agencies (No. 9) Limited ("AUA9") as a Substitute Agent on behalf of the Names – including the Defendant here – with authority "to execute the Reinsurance contract for itself and on behalf of the Members in such form as the council may direct and to undertake all obligations of the Substitute Agent under the Reinsurance Contract . . . and to perform all functions necessary therefore or incidental thereto." Demery Dec. ¶ 14.

12. AUA9 signed the Equitas Reinsurance Contract on behalf of all Names, including Sundlun. Demery Dec., ¶ 15; *Exhibit 4*.

13. This contract obligated the Names to make payment of their Equitas premium when R&R became effective on September 3, 1996. Demery Dec., ¶ 15; *Exhibit 4*. Moreover, pursuant to the Equitas Reinsurance Contract, each name "irrevocably appoint[ed] the Substitute Agent as agent to accept service of any proceedings in the English courts on his behalf." *Exhibit 4*. at ¶ 25.2.

14. Sundlun did not accept the settlement offer or paid his Equitas premium. Demery Dec., ¶¶ 16, 19.

15. Equitas validly assigned to Lloyd's its right to collect the Equitas premium from Names who had not yet paid it. Demery Dec., ¶ 17.

16. Lloyd's thereupon commenced a substantial program of debt collection through the English courts. Demery Dec., ¶ 18.

17. Lloyd's commenced legal proceedings against Sundlun in the High Court of Justice, Queen's Bench Division in London, England. Demery Dec., ¶ 19.

18. Lloyd's served Defendant by serving a writ of summons and the prescribed acknowledgment of service form on their Substitute Agent, AUA9, in accordance with the terms of the Equitas reinsurance contract .Demery Dec., ¶ 20; *Exhibit 5;* Demery Dec., ¶ 21; *Exhibit 6.*

19. By letter dated May 28, 1997, AUA9 then forwarded a service copy of the writ of summons and the prescribed Acknowledgment of Service form together with Guidance Notes to Sundlun in the United States. Demery Dec., ¶ 22; *Exhibit 7*.

20. By letter dated June 24, 1997, Sundlun acknowledged receipt of the courtesy copy of the writ of summons sent to him by Lloyd's solicitors, Dibb Lupton Alsop, on May 23, 1997. Demery Dec. ¶ 23; *Exhibit 8*.

21. Defendant did not contest the proceedings in the English court. Demery Dec., ¶ 24.

22. The English court entered judgment in favor of Lloyd's against Sundlun. Demery Dec. ¶ 24; *Exhibit 9*.

23. Despite numerous attempts by Lloyd's to settle its claims, Sundlun has failed to take any action to reduce or satisfy the English Judgment, leaving the entire amount of the judgment (less the amount of £2.68 which has been received by Lloyd's and credited against the judgment), together with interest that is currently accruing, due and owing. Demery Dec. ¶ 32.

THE SOCIETY OF LLOYD'S
By its Attorney,

/s/ Matthew T. Oliverio
Matthew T. Oliverio, Esquire (#3372)
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax
mto@om-rilaw.com

**CERTIFICATION**

I hereby certify that a true copy of the within *PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS* was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 30th day of October 2006:

Robert G. Flanders, Jr., Esquire
HINCKLEY ALLEN SNYDER LLP
1500 Fleet Center, Providence, RI 02903

/s/ Matthew T. Oliverio