**SCHEDULE 4**

The Reinsurance Contract

2.1 The obligations of ERL under clause 3 .... shall in all respects be conditional upon the satisfaction by not later than 28 February 1997 of each of the following conditions

...

3.1 ERL shall, in consideration of:

...

(b) the obligation of the Names to pay their Name's Premiums;

...

reinsure and indemnify each and every Syndicate and each Closed Year Syndicate by payment in accordance with clause 3.4 and otherwise upon and subject to the terms and conditions of this Agreement.

3.2 The reinsurance and indemnity obligation of ERL shall be to indemnify without limitation in time and amount ... each Syndicate and Closed Year Syndicate from and including the Effective Date [being 12.00 BST (midday) on the business day immediately following the date on which the last of the conditions set out in Clause 2.1 is satisfied], by way of reinsurance, in respect of all liabilities, losses, claims, returns, reinsurance premiums, costs and other liabilities including extra-contractual obligations or punitive or penal damages arising in relation to the Syndicate 1992 and Prior Business of that Syndicate or Closed Year Syndicate ...

5.1 In consideration of the assumption by ERL of the Reinsurance Obligation:

(b) each Name covenants with ERL to pay on the Effective Date... and without further demand, his Name's Premium, being the aggregate of:

i) the proportions payable by him (calculated by reference to that Name's participation in the relevant Syndicate as set out in the relevant Syndicate List) of the Syndicate Premiums, as set out in and (subject to clause 18) in the currencies set out in schedule 1, for each Syndicate of which he is a member LESS an amount equal to any amount called by the relevant Managing Agent in respect of any part of any Syndicate Premium which has been:

(A) called since 15 March 1996; and

(B) paid by the Name and received into the Segregated Account between 15 March 1996 and the Effective Date ...

ii) an amount equal to the aggregate of the proportions payable (calculated by reference to that Name's participation in the relevant Syndicate as set out in the relevant Syndicate List) of any losses declared to 31 December 1994 but not called as at 15 March 1996 in respect of any Syndicate of which he is a member LESS an amount equal to any part of such amounts as has been:

(A) called since 15 March 1996; and

(B) paid by that Name and received into the Segregated Account between 15 March 1996 and the Effective Date ...

iii) an amount equal to the aggregate of any

deferred losses owing by that Name as at 15 March 1996 in respect of Closed Year Syndicates of which he was a member LESS an amount equal to any part of such amounts as has been:

(A) called since 15 March 1996; and/or

(B) paid by the Name and received into the Segregated Account between 15 March 1996 and the Effective Date ...

iv) an amount equal to the aggregate of any called but unpaid losses in respect of Syndicates of which he is a member, and Closed Year Syndicates of which he was a member, owing by that Name as at 15 March 1996 (together with any interest thereon to that date) LESS an amount equal to any part of such amounts which has been paid by that Name and received into the Segregated Account between 15 March 1996 and the Effective Date...

v) his Return on Surplus, if any;

...

5.3 ... where any Name's Premium has not been discharged in full by the later of 30 September 1996 and the Effective Date, interest will accrue on any unpaid amount from such date up to the date of actual payment, as well after as before judgment, at the rate of 2 per cent. per annum above the base rate of National Westminster Bank Plc from time to time.

5.5 Each Name shall be obliged to, and shall pay his Name's Premium in all respects, free and clear from any set-off, counterclaim or other deduction on any account whatsoever including in each case, without prejudice to the generality of the foregoing, in respect of any claim against ERL, the Substitute Agent, any Managing Agent, his Members' Agent,

Lloyd's or any other person whatsoever, and:

(a) in connection with any proceedings which may be brought to enforce the Name's Obligation to pay his Name's Premium, the Name hereby waives any claim to any stay of execution and consents to the immediate enforcement of any judgment obtained;

(b) the Name shall not be entitled to issue proceedings and no cause of action shall arise or accrue in connection with his obligation to pay his Name's Premium unless the liability for his Name's Premium has been discharged in full; and

(c) the Name shall not seek injunctive or any relief for the purpose, of which would have the result, of preventing ERL or any assignee of ERL, from enforcing the Name's obligation to pay his Name's Premium.

5.8 Each Name expressly agrees that, in respect of his Name's Premium, ERL shall have power to assign on such terms as it sees fit (including, without prejudice to the generality of the foregoing the right further to assign) the right to receive payment of such amount and/or to pursue the relevant Name for any undischarged amount and/or the right to, and the right to retain, any sums received in respect of such undischarged amount. ERL or any assignee pursuant to this clause 5.8 shall be entitled to give notice of any such assignment to the Substitute Agent on behalf of the Names.

5.10 For the purpose of calculating the amount of any Name's Premium as set out in clause 5.1(b) and the amount of any Name's Premium discharged by the transfer of assets or the amount realised through the liquidation of Funds at Lloyd's for application in or towards any Name's Premium, the records of and calculations performed by the CSU shall be conclusive evidence as between the Name and ERL, in the absence of any manifest error. The amount so applied shall be the value

received by ERL, net of any transaction or tax costs, and ERL shall be entitled to appropriate such amount towards the Syndicate Premium of any relevant Syndicate in its absolute discretion.

18. Where any amount payable by a Name hereunder in respect of his Name's Premium is an amount denominated in US Dollars or Canadian Dollars, then, unless the amount is paid out of the LATF (in respect of a US Dollar liability) or out of the LCTF (in respect of a Canadian Dollar liability), the Name shall instead pay an amount in sterling being one pound sterling for each US$ 1.51 and one pound sterling for each Can$ 2.05.