NOT FOR SERVICE OUT OF THE JURISDICTION

1997 FOLIO NO. 155

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

B E T W E E N :

**THE SOCIETY OF LLOYD'S**

Plaintiff

- and -

**BRUCE G SUNDLUN**

Defendant

SUPREME COURT OF JUDICATURE · ADMIRALTY & COMMERCIAL REGISTRY · 21 FEB 1997

TO the Defendant Bruce G Sundlun of "Seaward", Cliff Avenue, Newport, RI 02840, U S A

ORIGINAL

**This Writ of Summons** has been issued against you by the above-named Plaintiff in respect of the claim set out herein.

Within ~~22~~ 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Court Office mentioned below the accompanying **Acknowledgment of Service** stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgment within the time stated, or if you return the Acknowledgment without stating therein an intention to contest the proceedings the Plaintiff may proceed with the action and Judgment may be entered against you forthwith without further notice.

Issued from the Admiralty and Commercial Registry of the High Court this 21st day of February 1997

**NOTE:** This Writ may not be served later than four calendar months (or, if leave is required to effect service out of the jurisdiction, six months) beginning with that date unless renewed by order of the Court.

**IMPORTANT**

Directions for Acknowledgment of Service are given with the

accompanying form.

# POINTS OF CLAIM

## INTRODUCTION

1. The Plaintiff ("Lloyd's") is a Society and Corporation incorporated under the Lloyd's Acts 1871 to 1982 comprising all persons admitted as members of Lloyd's.

2. Lloyd's has at all times had power pursuant to the Lloyd's Acts 1871 to 1982, and in particular Sections 6 and 16 and Schedule 2 of the Lloyd's Act 1982, to make such byelaws as from time to time seemed requisite or expedient to the Council of Lloyd's ("the Council") for the proper and better execution of the Lloyd's Acts 1871 to 1982; for the furtherance of the objects of Lloyd's; and such byelaws as the Council thinks fit for any or all of the purposes specified in Schedule 2 of the Lloyd's Act 1982.

3. The Defendant was elected as an underwriting member of Lloyd's with effect from 01/01/79. In consideration of his admission to and/or continued membership of Lloyd's, the Defendant signed an undertaking with Lloyd's in which he expressly agreed that he would be bound by the provisions of the Lloyd's Acts 1871 to 1982, such byelaws as were made or were to be made thereunder and any direction given or provision or requirement made by the Council or on its behalf.

4. Pursuant to the powers conferred upon it by the Lloyd's Acts, Lloyd's on 18 July 1983 enacted The Substitute Agents Byelaw (No. 20 of 1983) and thereafter amended it by further byelaws on 8 September 1993 and 6 December

1995. In these Points of Claim the term "Substitute Agents Byelaw" refers to the byelaw in its form following these amendments. The Plaintiff will rely upon the provisions of the Substitute Agents Byelaw set out in Schedule 1.

5. Pursuant to the powers conferred upon it by the Lloyd's Acts, Lloyd's on 6 December 1995 enacted The Reconstruction and Renewal Byelaw (No. 22 of 1995). The Plaintiff will rely upon the provisions of The Reconstruction and Renewal Byelaw set on Schedule 2.

6. On 3 September 1996, pursuant to the powers conferred by the Substitute Agents Byelaw, the Reconstruction and Renewal Byelaw and Lloyd's Acts, the Council made the resolutions and directions set out in Schedule 3 hereto ("the Resolutions and Directions"), the terms and definitions of which are adopted in these Points of Claim. By the Resolutions and Directions:

(1) the Council appointed Additional Underwriting Agencies (No. 9) Limited ("the Substitute Agent") with immediate effect as substitute managing agent for the Defendant in respect of:

(a) such syndicates and closed year syndicates as are constituted for the 1992 or any earlier year of account of which the Defendant is a member in respect of the entire business of such syndicates and closed year business save for Relevant Syndicates and Relevant Business of any other syndicates;

(b) such syndicates as are constituted for the 1993 or any later year of account of which the Defendant is a member in respect of

that part of their underwriting business which comprises the Syndicate 1992 and Prior Business and all assets, cash and other items in respect of the Syndicate 1992 and Prior Business of such syndicates save for Relevant Syndicates and Relevant Business of any other syndicates;

(2) the Council directed the Substitute Agent to do all such acts and execute all such deeds, instruments and documents relating to or in connection with the Business as may from time to time appear to the Substitute Agent to be requisite or expedient for the purposes of or in connection with the implementation of the Reconstruction and Renewal Proposals, including the Reinsurance Contract;

(3) the Council directed the Substitute Agent to execute the Reinsurance Contract for itself and on behalf of the Members, including the Defendant, in such form as the Council may direct;

(4) the Council directed each of the Members, including the Defendant, to execute or concur in the execution of all contracts, deeds, assignments, mandates or other forms of authority reasonably required by or on behalf of the Substitute Agent for the purpose of carrying out the Business of the Member, including giving effect to the provisions of the Reinsurance Contract.

7. On 3 September 1996 pursuant to and in compliance with the Requirements and Directions, the Substitute Agent, acting on behalf of the Defendant, entered into the

Reinsurance Contract in the form directed by the Council with, Equitas Reinsurance Limited ("ERL").

8. The Reinsurance Contract contained the terms set out in Schedule 4 hereto.

9. On or by 3 September 1996, each of the determinations, resolutions and consents required by Clause 2.1 of the Reinsurance Contract before the obligations of ERL became unconditional had been made or received, and in the premises the Defendant's Name's Premium under the Reinsurance Contract, in the sum of £92,961.00 became due and payable at 12.00 BST (midday) on 4 September 1996. Particulars of the Defendant's Name's Premium appear in Schedule 5 hereto.

10. By an assignment evidenced by a Deed of Assignment dated 2 October 1996, ERL assigned all right, title, interest and benefit (present and future) in, under and pursuant to the Defendant's Name's Premium together with all right, title, interest and benefit (present and future) which may from time to time be distributed or derived from or accrue on or relate to the Defendant's Names's Premium. In accordance with Clause 5.8 of the Reinsurance Contract, notice of the assignment was given to the Substitute Agent on the Defendant's behalf on 3 October 1996, and notice was further given to the Defendant by letter from Lloyd's solicitors dated 21 October 1996. In the premises the said sum of £92,961.00 together with contractual interest thereupon is due and owing from the Defendant to Lloyd's.

11. Wrongfully and in breach of contract, and in breach of The Reconstruction and Renewal Byelaw, the Defendant has failed to pay the said sum of £92,961.00 or any sum to Lloyd's, by 4 September 1996 or at all.

12. Further Lloyd's claims interest on the said sum of £92,961.00 from 21 October 1996 until payment:

(1) pursuant to Clause 5.3 of the Reinsurance Contract at the rate of 2 per cent. per annum above the base rate of National Westminster Bank plc from time to time, being £2,895.16 to 20 February 1997 and continuing at the rate of £21.01 per day;

(2) alternatively pursuant to Section 35A of the Supreme Court Act 1981 at the rate of 8% per annum, being £2,913.63 to 20 February 1997 and continuing at the rate of £21.01 per day.

AND THE PLAINTIFF CLAIMS:

1. Pursuant to paragraph 10 above, £92,961.00

2. Pursuant to Clause 5.3 of the Reinsurance Contract, interest on £92,961.00 from 21 October 1996 until payment at the rate of 2 per cent per annum above the base rate of National Westminster Bank plc from time to time, being £2,895.16 to 20 February 1997 and continuing at the rate of £21.01 per day.

3. In the alternative to (2) above, interest on £92,961.00 from 21 October 1996 until payment pursuant to Section 35A of the Supreme Court Act 1981 at the rate of 8% per annum, being £2,913.63 to 20 February 1997 and continuing at the rate of £21.01 per day.

RICHARD AIKENS QC
DAVID FOXTON

If, within the time for returning the Acknowledgment of Service, the Defendant pays the amount claimed and £389.25 for costs and, if the Plaintiff obtains an Order of Substituted Service, the additional sum of £47.25, further proceedings will be stayed. The money must be paid to the Plaintiff, his Solicitors or Agents.

This Writ was issued by Dibb Lupton Alsop, 6 Dowgate Hill, London EC4R 2SS (Ref: SGD) Solicitors for the said Plaintiff whose registered office is:One Lime Street, London, EC3M 7HA

Pursuant to Article 17 of the Brussels Convention 1968 as incorporated into UK law by the Civil Jurisdiction and Judgments Act 1982 we certify that the High Court of England and Wales has power under the Civil Jurisdiction and Judgments Act 1982 to hear and determine this claim and that no proceedings are pending between the parties in Scotland, Northern Ireland or another Convention territory of any contracting state as defined by section 1(3) of the said Act.

1997 FOLIO NO.

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

B E T W E E N :

**THE SOCIETY OF LLOYD'S**

Plaintiff

- and -

**BRUCE G SUNDLUN**

Defendant

# WRIT OF SUMMONS

Dibb Lupton Alsop
6 Dowgate Hill
London
EC4R 2SS

Tel: 0171 796 6625
Fax: 0171 410 0866

F/E Ref : SGD

---

# S C H E D U L E S

---


| | Document | Page |
|---|---|---|
| 1. | The Substitute Agents Byelaw | 1-2 |
| 2. | The Reconstruction and Renewal Byelaw | 3-4 |
| 3. | Resolution and Direction of the Council of Lloyd's effective 3 September 1996 | 5-23 |
| 4. | The Reinsurance Contract | 24-28 |
| 5. | The Name's Premium | 29-30 |