6 Dowgate Hill
London EC4R 2SS
**Direct Tel: 0171 796 6681**
**Direct Fax: 0171 410 0866**
DX 799 London/City EC3

**Your Ref:**

**Our Ref:** SGD JH jdc

2nd July 1997

Bruce Sundlun Esq
Former Governor's Residence
Seaward
Cliff Avenue
Newport
Rhode Island 02840

Dear Sir

**The Society of Lloyd's**
**Payment of outstanding Name's Premium**

Thank you for your recent correspondence, following receipt of the courtesy copy Writ which we sent to you on 23rd May 1997.

**You should note that in the absence of an Acknowledgment of Service being filed timeously at the Commercial Court in London, Default Judgment was entered against you on 26th June 1997.**

The sums claimed from you relate to liabilities in respect of 1992 and prior underwriting years.

As will be apparent from the Writ which you received, when you were elected as an underwriting member of Lloyd's, you signed an Undertaking with Lloyd's in terms of which you expressly agreed that you would be bound by the provisions of the Lloyd's Act, such by-laws as were made or were to be made thereunder, and any direction given, provision or requirement made by the Council on its behalf.

Pursuant to various resolutions and directions of the Council of Lloyd's, Additional Underwriting Agencies (No.9) Limited ("AUA9") was appointed substitute agent on your behalf. Acting on your behalf, AUA9 entered into the Reinsurance and Run-Off Contract with Equitas Reinsurance Limited.

Summary Judgment proceedings were instigated by Lloyd's against three Non-Acceptors of the Settlement Offer in the Commercial Court in The Society of Lloyd's -v- Leighs and Ors.

In a decision which was delivered on 20th February 1997, Mr Justice Colman gave judgment in favour of Lloyd's, finding that AUA9 had authority to enter into the contract with Equitas, which authority could not be withdrawn by a Name. Furthermore, Colman J. confirmed the validity of imposing the Equitas Scheme on Names who did not accept the Settlement Offer.

In a judgment which was delivered on 23rd April 1997, Mr Justice Colman found inter alia that a Name was not entitled to rescind his contract of membership with Lloyd's.

We trust that this clarifies matters for you.

Yours faithfully

**DIBB LUPTON ALSOP**