# EXHIBIT
# 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE SOCIETY OF LLOYD'S,** *Plaintiff* | : | CA 06 106T |
| **V.** | : | **Civil Action No.** |
| **BRUCE G. SUNDLUN,** *Defendant* | : | |

**COMPLAINT**

Plaintiff, The Society of Lloyd's, brings this action against the Defendant, Bruce G. Sundlun, pursuant to 28 U.S.C. §1332 and Rhode Island's Uniform Enforcement of Foreign Judgments Act to enforce a judgment entered against the Defendant In the High Court of Justice, Queen's Bench Division, in the United Kingdom.

Parties and Jurisdiction

1. Plaintiff, The Society of Lloyd's (hereinafter "Lloyd's") is a corporation organized and existing under the laws of the United Kingdom.

2. Defendant, Bruce G. Sundlun (hereinafter "Sundlun"), upon information and belief is a citizen of the United States who resides in Jamestown and North Kingstown, Rhode Island.

3. Jurisdiction is based upon the diversity of the parties' citizenship: plaintiff is a citizen of the United Kingdom and defendant is a citizen of the state of Rhode Island. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

Facts

4. Lloyd's is authorized by special Acts of Parliament to regulate an insurance market located in London, England (hereinafter "Lloyd's Market" or "Market").

5. Members of the Lloyd's Market, known as "Names" issue insurance and underwrite the policies in the Lloyd's Market.

6. Names are personally obligated to pay claims on the policies they underwrite.

7. Sundlun participated in the Lloyd's Market as a Name from January 1, 1987. He ceased underwriting with effect from January 1, 1993.

8. In order to become a Name in the Lloyd's Market, Sundlun executed a General Undertaking agreement on or about January 1, 1987 in which Sundlun agreed to submit to the jurisdiction of the English courts regarding any disputed matter between him and Lloyd's.

9. Pursuant to its grant of Parliamentary authority, Lloyd's issues and enforces various regulations and exercises disciplinary authority over the participants in the Lloyd's Market.

10. During the late 1980's and early 1990's, the Lloyd's Market suffered a series of severe losses.

11. As a result of these losses, Names were unable to uphold their obligations in the Market and a number of lawsuits were initiated.

12. In response to these issues, which threatened the survival of the Market, Lloyd's instituted the Reconstruction and Renewal Plan (hereinafter, the "Plan).

13. Pursuant to the Plan, each Name was required to purchase reinsurance from Equitas Reinsurance Ltd. (hereinafter "Equitas") for each Name's pre-1993 underwriting responsibilities.

14. Each Name was required to pay a premium to Equitas Reinsurance Ltd.

15. Sundlun, because he was a Name in the Lloyd's Market during the years covered by the Plan, was required to pay a premium to Equitas.

16. Sundlun, refused or otherwise failed to pay said premium.

17. As a result of this failure, Lloyd's instituted proceedings against Sundlun in the High Court of Justice, Queen's Bench Division, to collect the Equitas premium (Equitas having assigned its right to collect the premium to Lloyd's).

18. On June 24, 1997, a default judgment was entered against Sundlun in the High Court of Justice, Queen's Bench Division for £92,961.00 in principal, £5,419.75 in interest and £389.25 in costs (hereinafter, the "Judgment"). See attached Exhibit 1.

19. Since that time, Sundlun has refused, denied or otherwise failed to fulfill his obligations under the Judgment.

20. Interest on the Judgment has been accruing at a rate of 8% per year.

21. The State of Rhode Island recognizes and enforces foreign judgments pursuant to the Uniform Enforcement of Foreign Judgments Act, Rhode Island General Laws, Title 9, Chapter 32.

WHEREFORE, Plaintiff Lloyd's now demands enforcement of the Judgment against Defendant Sundlun and seeks the following relief:

1. Judgment principal in the amount of £92,961.00 or approximately $163,825.00;
2. Judgment costs in the amount of £389.25 or approximately $685.97;
3. Judgment interest to date, calculated at a rate of 8% per year;
4. Costs of this suit, together with reasonable attorney's fees;
5. Such other relief or remedies as the Court deems just and appropriate.

THE SOCIETY OF LLOYD'S
By its Attorney,

Matthew T. Oliverio (#3372)
OLIVERIO & MARCACCIO LLP
55 DORRANCE STREET, SUITE 400
PROVIDENCE, RI 02903
(401) 861-2900
(401) 861-2922 Fax
mto@om-rilaw.com

Dated: March 1, 2006

IN THE HIGH COURT OF JUSTICE

1997 Folio No. 455

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

BETWEEN:

THE SOCIETY OF LLOYD'S

**Plaintiff**

AND

BRUCE G SUNDLUN

**Defendant**

---

# J U D G M E N T

---

Dated the 24th day of June 1997

The Plaintiff having undertaken not to pursue the balance of the claim in the Writ therein and no notice of intention to defend having been given by the Defendant herein

**IT IS THIS DAY ADJUDGED** that the Defendant do pay the Plaintiff £98,380.75 (being £92,961.00 in principal plus interest of £5,419.75) and £389.25 costs.

CERTIFIED TRUE COPY

Signed: N. P. Demay

Legal Services Department

Lloyd's

DIBB LUPTON ALSOP
6 Dowgate Hill
London EC4R 2SS

Solicitors for the Plaintiff

Ref: SGD/CJJ

**APOSTILLE**

(Hague Convention of 5 October 1961 / Convention de La Haye du 5 octobre 1961)

**UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND**

1. Country: United Kingdom of Great Britain and Northern Ireland
   Pays: Royaume-Uni de Grande-Bretagne et d'Irlande du Nord

   This public document / Le présent acte public

2. Has been signed by
   a été signé par

3. Acting in the capacity of
   agissant en qualité de

4. Bears the seal/stamp of **Admiralty and Commercial Registry**
   est revêtu du sceau/timbre de

Certified/Attesté

5. at London/à Londres
6. the/le **10 January 2006**

7. by Her Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs /
   par le Secrétaire d'Etat Principal de Sa Majesté aux Affaires Etrangères et du Commonwealth.

8. Number/sous No **G899506**

9. Stamp:
   timbre:

10. Signature: **P. Hunting**




*For the Secretary of State / Pour le Secrétaire d'Etat*

**If this document is to be used in a country which is not party to the Hague Convention of 5 October 1961, it should be presented to the consular section of the mission representing that country.** An apostille or legalisation certificate only confirms that the signature, seal or stamp on the document is genuine. It does not mean that the contents of the document are correct or that the Foreign & Commonwealth Office approves of the contents.

1997 Folio No.

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

B E T W E E N :

THE SOCIETY OF LLOYD'S

Plaintiff

- v -

BRUCE G SUNDLUN

Defendant

---

JUDGMENT

---

DIBB LUPTON ALSOP
6 Dowgate Hill
London EC4R 2SS

Tel: 0171 796 6625
Fax: 0171 410 0866

Solicitor for the Plaintiff

Ref: SGD/CJJ