IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE SOCIETY OF LLOYD'S,<br>Plaintiff, | :<br>:<br>: | |
| v. | : | C.A. No. 06-106 |
| BRUCE G. SUNDLUN,<br>Defendant. | :<br>:<br>: | |

**AMENDED ANSWER OF DEFENDANT, BRUCE SUNDLUN, TO PLAINTIFF'S COMPLAINT**

Defendant, Bruce G. Sundlun, by and through his counsel, answers Plaintiff's Complaint as follows:

1. Admitted.

2. Admit only that defendant is a citizen of the United States who resides in Jamestown, Rhode Island, and deny the remaining allegations.

3. Defendant admits that Plaintiff is a citizen of the United Kingdom and that Defendant is a citizen of Rhode Island. Paragraph 3 states legal conclusions to which no response is required. To the extent that the remainder of Paragraph 3 contains factual allegations, they are denied.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent that Paragraph 4 contains factual allegations, they are denied.

5. Defendant is without sufficient information to admit or deny the allegations in this Paragraph, and therefore they are denied.

6. Defendant is without sufficient information to admit or deny the allegations in this Paragraph, and therefore they are denied.

7. Defendant is without sufficient information to admit or deny the allegations in this Paragraph, and therefore they are denied.

8. Defendant does not contest that his signature appears on a General Undertaking Agreement on or about January 1, 1987. Defendant states that the General Undertaking Agreement is a written document that speaks for itself. Defendant denies all allegations in Paragraph 8 to the extent that they do not fully and accurately characterize that written document.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent that the Paragraph 9 contains factual allegations, they are denied.

10. Defendant is without sufficient information to admit or deny the allegations in this Paragraph, and therefore they are denied.

11. Defendant is without sufficient information to admit or deny the allegations in this Paragraph, and therefore they are denied.

12. Defendant is without sufficient information to admit or deny the allegations in this Paragraph, and therefore they are denied.

13. Defendant states that the reconstruction and renewal plan is a written document that speaks for itself. Defendant denies all allegations in Paragraph 13 to the extent that they do not fully and accurately characterize that written document.

14. Defendant states that the reconstruction and renewal plan is a written document that speaks for itself. Defendant denies all allegations in Paragraph 14 to the extent that they do not fully and accurately characterize that written document or to the extent that they purport to characterize Defendant's legal obligations.

15. Denied.

16. Admitted.

17. Defendant is without sufficient information to admit or deny the allegations in this Paragraph, and therefore they are denied.

18. Admitted.

19. Admitted.

20. Paragraph 20 states legal conclusions to which no response is required. To the extent that Paragraph 20 contains factual allegations, they are denied.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent that Paragraph 21 contains factual allegations, they are denied.

## FIRST AFFIRMATIVE DEFENSE

The judgment on which Plaintiff is suing is void for insufficient service of process in connection with the action that led to the entry of the foreign judgment against him.

## SECOND AFFIRMATIVE DEFENSE

The judgment on which Plaintiff is suing is void for want of personal jurisdiction over Defendant in connection with the action that led to the entry of the foreign judgment against him.

## THIRD AFFIRMATIVE DEFENSE

Failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant prays that the Court grant the following relief:

(a) Deny and dismiss each claim in Plaintiff's Complaint with prejudice;

(b) Award Defendant his costs and fees, including reasonable attorneys' fees; and

(c) Grant such other relief as the Court deems just and proper.

BRUCE SUNDLUN[1]
By His Attorneys

Dated: August 31, 2007

/s/ Robert G. Flanders, Jr.
Robert G. Flanders, Jr. (#1785)
Anna M. Piazza (#7206)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Phone: (401) 274-2000
Fax: (401) 277-9600
rflanders@haslaw.com
apiazza@haslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2007, a copy of the foregoing Amended Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Robert G. Flanders, Jr.
Robert G. Flanders, Jr. (#1785)
Anna M. Piazza (#7206)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Phone: (401) 274-2000
Fax: (401) 277-9600
rflanders@haslaw.com
apiazza@haslaw.com

826057 47702/127777

[1] Defendant does not utilize his middle initial.